IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICHARD R. LOHRKE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY CONNECT INSURANCE AGENCY, INC. and AMERICAN FAMILY CONNECT PROPERTY and CASUALTY INSURANCE COMPANY, f/k/a/ IDS PROPERTY CASUALTY INSURANCE COMPANY,<br><br>Defendants. | CV-24-11-BU-BMM<br><br>ORDER |

## INTRODUCTION

Plaintiff Richard Lohrke ("Lohrke") filed a complaint against American Family Connect Insurance Agency, Inc. ("Agency") alleging breach of contract, violations of the Montana Unfair Trade Practices Act, constructive fraud, and breach of the implied covenant of good faith and fair dealing. (Doc. 19 at 11-13.) Agency

1

removed the action to Montana federal district court. (Doc. 1.) Lohrke amended his complaint before the deadline and added a defendant American Family Connect Property and Casualty Insurance Company, f/k/a/ IDS Property Casualty Insurance Company ("Company"). (Doc. 19.)

## FACTUAL BACKGROUND

Lohrke sustained injuries after he was rear-ended on the highway. (Doc. 19 at 3.) Lohrke was diagnosed with a corneal abrasion, concussion, and body contusions. (*Id*. at 4.) Lohrke experienced chronic pain and diminished range of motion that led Lohrke to seek ongoing physical therapy. Lohrke allegedly will be partially disabled due to his injures for the rest of his life. (*Id*. at 5-6.)

The driver that crashed into Lohrke was not insured. (*Id*.) Lohrke had uninsured motorist coverage at the time of the crash. (*Id*.) Agency moves for summary judgment based on Lohrke allegedly naming the wrong party in the complaint and Agency having no relationship to Lohrke that warrants relief. (Doc. 49 at 2-3.) Company does not oppose Agency's motion. (Doc. 55.) Lohrke opposes Agency's Motion. (Doc. 54.)

## LEGAL STANDARD

Summary judgment proves appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the

outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine material fact dispute requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

## **DISCUSSION**

Lohrke alleges that Agency's participation in the lawsuit is evidence that Agency is a proper party. (Doc. 54.) Agency filed an Answer alleging that it has complied with the applicable standard of care in dealing with Lohrke's claim. (Doc. 54 at 5.) Company also filed an Answer to Lohrke's complaint. (Doc. 23.) Agency also apparently advertised at Costco and sold insurance to customers. Agency nevertheless argues that it has no obligation to Lohrke because it is not part of the contract between Lohrke and Company and has no involvement in handling or investigating Lohrke's insurance claim. (Doc. 49.) The parties agreed to continue discovery to determine if Agency is a properly named party. (Doc. 63.) The Court has been provided no notice from the parties indicating that Agency is not the proper party. The issue remains in dispute. The Court will deny Agency's motion for summary judgment. Agency may refile its motion should discovery provide more context as to the proper party.

Accordingly, **IT IS ORDERED**:

- Agency's Motion for Summary Judgment (Doc. 48) is **DENIED.**

**DATED** this 13th day of June, 2025.

Brian Morris, Chief District Judge
United States District Court