DODD LAW FIRM, P.C.
Matthew A. Dodd
3825 Valley Commons Dr., St. 5
Bozeman, MT 59718
406.577.2391
matt@doddlawfirmpc.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| **Richard R. Lohrke,**<br><br>Plaintiff,<br><br>vs.<br><br>**American Family Connect Insurance Agency, Inc., and American Family Connect Property and Casualty Insurance Company.**<br><br>Defendants. | Case No. CV-24-11-BU-BMM<br><br>Judge Brian Morris<br><br><br><br>**Plaintiff's Response to Defendant's Brief in Support of Mistrial** |

Plaintiff, Richard Lohrke, respectfully files this Response to *Defendant's Brief in Support of Mistrial* because the brief misrepresents the facts and law on the limited issue on which the Court allowed briefing, ignores that defense counsel opened the door to the single question it finds objectionable, and attempts to include a variety of objections that it did not preserve at trial. For those reasons, the Court should deny the request for additional time and/or supplemental briefing and deny American Family's request for a mistrial.

## STANDARD OF REVIEW

"Denial of a mistrial motion is reviewed for abuse of discretion." *Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 531 (9th Cir. 1986). "Under the abuse of discretion standard, a reviewing court cannot reverse unless it has a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *DHS Leasing, Inc. v. Safeco Ins. Co.*, 889 F.2d 1094, 1989 WL 140896, *1 (citing *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir.1985)).

## ARGUMENT

### 1. American Family Misrepresents the Facts and Law

Continuing its trial approach, counsel for American Family misrepresents the facts and the law when the actual facts and law do not help them.

For instance, they complain on nearly every page of their brief, Doc. 214, that counsel for Mr. Lohrke orchestrated a concerted campaign to conflate the defendants amongst themselves and among asserted non-parties by referring to the collective defendants as "American Family." They complain that counsel for Mr. Lohrke should have referred to the defendants by some other nomenclature more preferable to themselves. The undisputed fact is that both defendants have the phrase "American Family" as first two words of their full corporate names. While American Family may not like that fact, it does not make it any less true.

The undisputed facts show that in his closing, counsel for Mr. Lohrke spent the first minute or two explaining that one of the American Family defendants had been dismissed the evening before, that the defense table was one person short compared to the previous days, and that the remaining American Family defendant was still liable for Mr. Lohrke's injuries.

American Family also complains that counsel for Mr. Lohrke had a conversation with the corporate representative of the dismissed American Family defendant. Once again, American Family's counsel misleads the Court about the relevant facts. On January 23, 2026, the day ***after*** the Court dismissed American Family Connect Insurance Agency, Inc., its representative approached Mr. Dodd and said words to effect of, "Under different circumstances, I am a really friendly guy." The corporate representative then explained that Butte reminded him of the terrain near his grandfather's cabin near Iron Mountain, on the Wisconsin border. Undersigned counsel mentioned that he had recently been to Wisconsin for an unrelated case and that it was significantly colder (and snowier) than Butte. The conversation did not touch on the claims against either of the American Family defendants. *See* Rule 4.2, Montana Rules of Professional Conduct. When American Family's counsel asked that the conversation cease, it did. *See* Doc. 214-2, pg. 3.

American Family's representation of the statutes and caselaw in its brief is similarly inaccurate. For instance, American Family asserts on page thirteen of its

brief, "Wealth or financial status evidence is **categorically inadmissible** during the liability phase because it has no probative value and carries an extraordinary risk of unfair prejudice." Doc. 214, pg. 13 (emphasis added). That is not the law in Montana. Though § 27-1-221, MCA, states that "[e]vidence regarding a defendant's financial affairs, financial condition, and net worth is not admissible in a trial **to determine whether a defendant is liable for punitive damages**," (emphasis added), there is not a categorical prohibition on the admissibility of such evidence.

    Even if American Family's assertion of the categorical inadmissibility of such evidence were accurate, no such evidence was actually introduced. American Family includes an apparent quote of the question asked by counsel for Mr. Lohrke. American Family does not, however, include its witness's response—as the Court highlighted in its *Order on Motions for Summary Judgment*, Doc. 143, pg. 8, American Family "selectively quotes" when it cannot find authority to support its assertions and/or arguments. The fact is that the witness, Matt DeBaker, responded words to the effect of "I did not / do not know [the answer to your question]." The witness did not provide any testimony and/or evidence of anything. As the Court explained to the jury in Preliminary Instruction No. P-5, some things, including the "[s]tatements and arguments of the attorneys" and "[q]uestions and

objections of the attorneys" "are *not* evidence, and [the jury] must not consider them as evidence in deciding the facts of this case." (Emphasis in original.)

### 2. American Family Opened the Door to Mr. Lohrke's Single Question

As the Court explained when it overruled American Family's objection, its own counsel opened the door to testimony related to profits when it chose to question its witness about profits from the coverages it had sold to Mr. Lohrke and others in Montana. It was only after, and in response to, the line of questioning from American Family that Mr. Lohrke asked a single follow-up question on the topic. Counsel for Mr. Lohrke did not belabor the point and/or attempt to introduce evidence after Mr. DeBaker's noncommittal answer.

This situation is not the same as that in *Lasar v. Ford Motor Company*, 399 F.3d 1101 (9th Cir. 2005), and American Family's assertion that, "[a]s in *Lasar*, the deliberate violation of the Court's order produced exactly the type of incurable prejudice that mandates a mistrial," misleads the Court. In *Lasar*, Ford's counsel made two unprovoked statements in its opening statement that the district court "immediately stated" were "absolutely unacceptable violations of the orders in limine...." 399 F.3d at 1106. Ford's statements were not made in response to questioning and/or provocation from the opposing party and the two unprovoked statements were made at the very start of trial. For those reasons, the district court

terminated the trial, did not allow evidence to be presented, and imposed severe sanctions, including monetary sanctions and revocation of the counsel's *pro hac vice* status. *Id.* at 1107.

Here, the Court appropriately ruled that Mr. Lohrke's question came in response to a line of questioning initiated by American Family's counsel and directed at its own witness, after the Court had allowed the witness to testify over Mr. Lohrke's objection. The trial was three days in, during which American Family put up a number of witnesses, introduced live testimony, and proffered exhibits. The one question, asked in response to American Family's decision to open the door on its profits from an insurance contract the Court had already concluded to be illegal, is a far cry from the facts and legal conclusions in *Lasar*.

### 3. American Family Waived its Additional Objections by Failing to Contemporaneously Object at Trial

Even though the Court allowed post-trial briefing on the limited issue of American Family's motion for mistrial, American Family used the Court's grace to make a host of unrelated and out-of-time objections. American Family's strategic decision not to express its objection to portions of Mr. Lohrke's opening statement, his characterization and/or naming of parties, and/or its misrepresentation of an innocuous discussion about midwestern topography constitutes waivers that it cannot remedy post-trial.

As made clear in Rule 103 of the Federal Rules of Evidence, a party must make a timely objection in order to preserve a claim of error. A party may not sit silent, only to later claim that an assertion, argument, or proffer of testimony or evidence is improper. *See, e.g.*, *Good v. U.S.*, 378 F.2d 934, 936 (9th Cir. 1967) (holding that a party waives its objections if it does not timely make those objections). A party must make contemporaneous objections to allow the opposing party and the court to address the issue in real time.

While it is clear that American Family knew how to make objections, and did make objections, it chose not to make certain objections. It cannot now second guess those strategic decisions. That is not allowed by the rules and/or the caselaw and should not be allowed in this case.

## CONCLUSION

This Court should reject American Family's continued misrepresentations, disallow any continued briefing, and deny American Family's motion for mistrial of a trial that properly concluded with a jury verdict.

Respectfully submitted this 6th day of February, 2026.

DODD LAW FIRM, P.C.

_____
Matthew A. Dodd
*Attorney for Plaintiff*

CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing *Motion to Quash* is double-spaced in 14-point Times New Roman font and contains 1,415 words excluding caption, certificate of compliance, table of contents and authorities, exhibit index, and any certificate of service.

Respectfully submitted this 6th day of February, 2026.

DODD LAW FIRM, P.C.

_____
Matthew A. Dodd
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served on the below, this 6th day of February, 2026:

**VIA CM-ECF**
G. Patrick HagEstad, Esq.
David J. HagEstad, Esq.
Brien B. Birge, Esq.
HAGESTAD LAW GROUP, P.L.L.C.
2721 Connery Way
Missoula, Montana 59808
Telephone: (406) 203-9303
Facsimile: (406) 888-6040
E-Mail: gpatrick@hagestadlaw.com
E-Mail: david@hagestadlaw.com
E-Mail: brien@hagestadlaw.com

_____
Matthew A. Dodd